IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER F. FORD, )
)
      Plaintiff, )
)
vs. ) No. CIV-17-468-C
)
HEATHER WILSON, SECRETARY, )
DEPARTMENT OF THE AIR FORCE,[1] )
)
      Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff's Complaint alleges four causes of action: (1) unlawful reprisal under Title VII, related to his removal from federal employment; (2) unlawful discrimination on the basis of race under Title VII, related to a hostile work environment; (3) a violation of his Fourth Amendment rights, related to the alleged false reporting of suspicious activities; and (4) a tort claim for intentional infliction of emotional distress. Defendant argues that the Court lacks jurisdiction over each of these claims and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff began working for the federal government at Tinker Air Force Base around 2000. He asserts that a pattern of harassment began after he filed a complaint against his supervisor in 2008. Plaintiff asserts that related to this employment, he has claims for racial discrimination and disability discrimination. Plaintiff's federal employment ended in 2010, when he retired under disability benefits. However, Plaintiff argues that the

---

[1] Heather Wilson was sworn in as secretary of the Air Force on May 16, 2017. Therefore, pursuant to Fed. R. Civ. P. 25(d), she is substituted as Defendant.

harassment by Defendant has continued and culminated on September 26, 2015, when he was accosted by Oklahoma City police while in the process of moving personal items between storage units. Plaintiff alleges that the report to the police was an act of continued harassment by Defendant.

On November 16, 2015, Plaintiff filed a complaint with the EEOC arguing that Defendant violated Title VII by retaliating against him for his prior protected activity. That EEOC claim stated, "On 26 September 2015, 2 each Department of Defense Special Agents under the authority of the Secretary of the Air Force falsely accused Complainant of stealing which resulted with his arrest by Police Officers from the Oklahoma City Police Department." (See Def.'s Mtn. to Dismiss, Dkt. No. 23-1, p. 1.) The EEOC dismissed Plaintiff's complaint and denied Plaintiff's request for reconsideration. Thus, the only claim that has been properly presented to an administrative agency and exhausted is the claim related to the alleged wrongful surveillance and wrongful arrest. To the extent Plaintiff attempts to argue claims related to a failure to promote, improper disciplinary action, or being forced into retirement, those claims are foreclosed. Defendant sought and obtained summary judgment on those matters in Case No. CIV-10-181-C; that decision was affirmed by the Tenth Circuit, and the Supreme Court denied Plaintiff's Petition for Writ of Certiorari. Thus, they cannot be revived by filing a new action. As a result, the only issue for decision by this Court is whether the activity on September 26, 2015, gives rise to a claim for relief. To pursue any such claim, Plaintiff has a significant hurdle to overcome – the doctrine of sovereign immunity.

> Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit. The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable. . . . [A] party seeking to assert a claim against the government . . . must also point to a specific waiver of immunity in order to establish jurisdiction.

Normandy Apts., Ltd. v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009) (internal citations omitted). One potential way to overcome sovereign immunity is pursuing employment discrimination claims via Title VII. However, before a Title VII claim can be pursued, administrative remedies must first be exhausted. See Khader v. Aspin, 1 F.3d 968, 970-71 (10th Cir. 1993). Claims that are not properly exhausted cannot be pursued in federal court. As noted above, Plaintiff has exhausted only a single claim; namely, the claim that two unnamed individuals followed him and called the police to falsely accuse him of stealing. Nothing in this allegation supports his current claim of constructive discharge, discharge, or unfairly lower evaluations. Because those claims are not exhausted, the Court lacks jurisdiction to consider them. As the Defendant notes, it is possible Plaintiff exhausted those employment-related claims. However, that administrative process occurred in 2010 and his current law suit would be untimely as to any administrative exhaustion on those matters. To the extent Plaintiff did properly present claims for being followed and calling the police, those claims cannot give rise to a Title VII claim because they are not based on personnel action affecting an employee or applicant for employment. See 42 U.S.C. § 2000e-16(a) and (c). Because Plaintiff was not a federal employee at the time of the alleged wrongful surveillance or

calling of police, he cannot pursue a Title VII claim based upon those actions. Accordingly, to the extent Plaintiff attempts to bring a Title VII claims for that action, the Court lacks jurisdiction to consider it and it will be dismissed.

Plaintiff also purports to assert a 42 U.S.C. § 1983 claim against Defendant related to the alleged surveillance and questioning by police. First of all, § 1983 does not apply to federal agencies. Rather, that statute applies only to state actors. Thus, to the extent Plaintiff attempts to pursue his claim, it would fall under Bivens[2]. The Supreme Court has held that a Bivens claim cannot be brought against a federal agency, but only against a specific individual. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Further, neither Bivens nor § 1983 permit a plaintiff to pursue a claim against a government official for someone else's conduct. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Because Plaintiff cannot identify who the actors were, he is left with a claim of vicarious liability and that theory cannot support a claim under Bivens or § 1983.

Finally, Plaintiff seeks to pursue a claim for intentional infliction of emotional distress. Once again, Plaintiff has failed to demonstrate compliance with the steps necessary to overcome sovereign immunity. While Plaintiff's Complaint raises allegations of Federal Tort Claims Act violations, he has failed to plead the requisite facts of exhaustion required for pursuing that claim. 28 U.S.C. § 2675(a) makes clear that administrative remedies under the Federal Tort Claims Act must be exhausted before a tort

---

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

claim can be brought against the United States. That is, Plaintiff had to file an administrative claim for damages and present that claim to the appropriate federal agency. Only after the agency has denied the claim can Plaintiff bring his action. Nothing in Plaintiff's Complaint suggests that he has completed this administrative process. Thus, this claim must be dismissed without prejudice as the Court lacks subject matter over the claim.

Although Plaintiff has provided an extensive response to Defendant's Motion, nothing in that document offers a legal or factual basis to overcome the demonstration made by Defendant that the Court lacks jurisdiction to consider Plaintiff's claims. Accordingly, the Court will dismiss the Complaint without prejudice, for lack of subject matter jurisdiction.

As set forth more fully herein, the Secretary's Motion to Dismiss (Dkt. No. 23) is GRANTED. This matter is dismissed without prejudice for lack of subject matter jurisdiction. A separate judgment will issue.

IT IS SO ORDERED this 5th day of June, 2018.

ROBIN J. CAUTHRON
United States District Judge